[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff appeals for a review of the statement of compensation in connection with real property taken in fee by the defendant in connection with a flood control project of West River.
The subject property known as 425-427-429 West Rock Avenue, New Haven, is located in the Westville area of the City of New Haven. It is an irregular shaped urban parcel having approximately 164 feet of frontage on the southeast side of West Rock Avenue and an average depth of 230 feet. It contains approximately 38,750 to 50,000 square feet. West River bounds it on the east for about 400 feet. It is located in a flood hazard zone. The parcel is level at street grade. West Rock Avenue is paved, with curbs, sidewalks and street lights. The property is serviced with all utilities.
Access to the interstate highway systems is considered fair with interchanges to I-95 at the Oak Street connector approximately 2.5 miles south of the subject and an interchange to the Merritt Parkway about one mile north of the subject.
The subject was developed with a variety of buildings and additions, mostly of masonry construction. The total building area is estimated from 26,586 square feet by plaintiff to 27,543 square feet by defendant. This includes 5756 square feet of finished office area and 1864 square feet of finished apartment. The use of the balance of the property is for commercial and warehouse purposes. The property has a total of over twenty-one eight feet and ten feet overhead doors. The condition of the building is average to good. CT Page 8510
The highest and best use of the property was that as at the time of the taking, viz., April 24, 1990.
The evidence includes appraisal reports and expert appraisal testimony. On the part of the appraisal of defendant City, so much of it relating to a taking plan involving easements and values of after taking are disregarded by direction of defendant because the taking has been in fee simple.
The appraisal of plaintiff is based on the market value of plaintiff's property. The appraisal of defendant is on the basis of both market value and income.
The appraisal of plaintiff is as of August 10, 1990 related back to the taking date of April 24, 1990. That of the defendant is as of June 21, 1989. A period of indecisions on part of defendant City preceded the taking date of April 24, 1990 depending upon whether the taking was to be based on easements or whether, as finally was decided, based on a full taking in fee simple.
The appraisers for both parties have cited the same sales in three instances. One relates to property at 4 Middletown Avenue, New Haven, a sale made on April 3, 1989. (Ball — Sale 4; Amodio — Sale 2). Adjustments include upward for lot and building area and downward for flood hazard exposure.
A second sale cited by both appraisers is 58 Middletown Avenue, New Haven, a sale made May 2, 1989. (Ball — Sale 3 Amodio — Sale 1). Adjustments include those downward for flood hazard, lot and building area and for location.
The third instance relates to property at 481 Shelton Avenue and 212 Butler Street, Hamden, sales made June 3, 1988. (Ball — Sale 6; Amodio — Sale 6). Adjustments include downward for flood hazard and location and upward for date of sale.
These are not the only considerations considered in adjustments involved.
Appraisal values of the subject property range from $771,000 by defendant to $865,000 by plaintiff.
The parties have waived the inspection of the subject property by the undersigned referee because of the changes that have intervened.
Having heard the parties and considered their claims and evidence, it is found that fair market value of the subject property as of April 24, 1990 is $826,290 computed as follows: CT Page 8511 27,543 square feet of building including land at $30 per square foot equals $826,290.
Since said sum of $826,290 is in excess of the sum of $760,001 deposited by defendant with the clerk of this court in connection with its statement of compensation, judgment may enter for the sum of $66,289 together with interest from the date of the taking, April 24, 1990 to the date of payment in order to satisfy the deficiency in the amount justly due to plaintiff.
A reasonable fee for services of the expert for plaintiff for appraisal report and as witness in court is the sum of $3500 payable by defendant.
PHILIP R. PASTORE STATE TRIAL REFEREE